SUMMARY ORDER

Petitioner Mohammed Tara Mian, a native and citizen of Bangladesh, seeks review of an August 25, 2008 order of the BIA affirming the June 21, 2007 decision of Immigration Judge (“IJ”) Steven R. Abrams, pretermitting his application for asylum and denying his applications for -withholding of removal and CAT relief. In re Mohammed Tara Miah, No. A079 122 874 (B.I.A. Aug. 25, 2008), aff'g No. A079 122 874 (Immig. Ct. N.Y. City June 21, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA affirms the IJ’s decision and supplements it, this Court reviews the IJ’s decision as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). Questions of law and the application of law to undisputed fact are reviewed de novo. See, e.g., Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
We lack jurisdiction to review the agency’s finding that Miah failed to file his *644 asylum application within one year of his arrival in the United States as required under 8 U.S.C. § 1158(a)(2)(B). See 8 U.S.C. § 1158(a)(3). Although this Court retains jurisdiction to review constitutional claims and “questions of law,” Miah has raised no such arguments in connection with the pretermission of his asylum application. See 8 U.S.C. § 1252(a)(2)(D). Accordingly, we dismiss the petition to the extent that it seeks review of the agency’s denial of Miah’s asylum claim.
Furthermore, we deny the petition with respect to Miah’s claims for withholding of removal and CAT relief because the agency’s adverse credibility determination was supported by substantial evidence. We recognize that the parties dispute the exact date of the filing of Mian’s application for relief, and, by extension, whether the amendments of the REAL ID Act of 2005 govern our review of the adverse credibility determination in this case. Ultimately, we need not resolve this issue because the agency’s credibility determination is supported by substantial evidence under the pre-REAL ID Act standard which is more favorable to Miah and which he contends applies.
As required under pre-REAL ID Act case law, the IJ identified “specific, cogent reasons” for rejecting Miah’s testimony that “b[ore] a legitimate nexus” to the IJ’s credibility finding. Secaida-Rosales v. INS, 331 F.3d 297, 307 (2d Cir.2003). The agency’s adverse credibility determination rested on Mian’s demeanor; the discrepancy between Miah’s testimony and documentary evidence in the record regarding whether Miah personally went to the pharmacy to obtain medication; the discrepancy in his testimony regarding his relationship with Tarekur Rahman; Miah’s inability to explain the meaning of the initials “BNP,” which is an acronym for the major political party that was in charge of the Bangladeshi government at the time Miah left the country; and his failure to submit documentary evidence corroborating his medical treatment. The agency reasonably relied on the cumulative effect of the discrepancies in the record to find that Miah was not credible. See Tu Lin v. Gonzales, 446 F.3d 395, 402 (2d Cir.2006). Moreover, we afford particular deference to the IJ’s evaluation of Mian’s demeanor. See Majidi v. Gonzales, 430 F.3d 77, 81 n. 1 (2d Cir.2005). Accordingly, the agency did not err in denying Mian’s claim for withholding of removal based on his lack of credibility.
The adverse credibility determination was also a valid basis for denying Miah’s CAT claim, as his CAT claim was based on the same factual predicate as his claim for withholding of removal. See Paul v. Gonzales, 444 F.3d 148, 156-57 (2d Cir.2006).
For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).